UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10389-PBS

UNITED STATES OF AMERICA

V.

DAVID PEREZ
A/K/A
JUAN GONZALEZ

## ORDER ON DETENTION

ALEXANDER, M.J.

The defendant, David Perez, a/k/a Juan Gonzalez ("Mr. Perez"), appeared before this Court on December 18, 2003 for a detention hearing pursuant to an indictment charging him with violation of 18 U.S.C. 922(g)(1) (felon in possession of a firearm). Mr. Perez was represented by Attorney John W. Laymon and the government was represented by Assistant United States Attorney Sandra Bower. The government moved for detention pursuant to 18 U.S.C. §§3142(f)(1)(a) (crime of violence), (f)(1)(d) (recidivism), and (f)(2)(a) (flight risk).

In support of its motion, the government offered the credible testimony of Agent Daniel Meade of the Bureau of Alcohol, Tobacco, and Firearms. Agent Meade testified that Mr. Perez and another individual were double-parked in a motor vehicle when approached by officers from the Lowell (Massachusetts) Police Department. When asked, Mr. Perez admitted to the officers that he had been "smoking dope." One of the officers recognized Mr. Perez's passenger, and a check revealed the passenger had outstanding

warrants. In the course of both men leaving the vehicle, one of the officers noticed a pistol visible from beneath the passenger seat. When asked if the gun was licensed, Mr. Perez explained that he needed the gun for protection. A search of the car revealed another pistol; search of Mr. Perez revealed marijuana and over $4,000 in cash. In that there is an indictment extant, there is probable cause to believe that the defendant committed the offense with which he is charged. United States v. Vargas, 804 F.2d 157, 162-163 (1st Cir. 1986).

The Court now turns to the issue of detention informed by the testimony of Agent Meade, the proffers and arguments of the government and defense counsel, reports prepared by the Pretrial Services Office (PSO), and the defendant's criminal record.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community . . . ." 18 U.S.C. §3142(e). This determination is typically predicated upon the government's ability to make a showing of "dangerousness or risk of flight," United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990), but because of the interference of pre-trial detention with the "importan[t] and fundamental ... right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

"With regard to risk of flight as a basis for detention, the Government must prove

by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F.Supp. 1176, 1180-1181 (D. Mass. 1990). The burden of persuasion remains with the government on the question of flight risk. See DiGiacomo, 746 F.Supp. at 1181 (D. Mass. 1990).

The issue of whether the defendant poses a danger to the community has a different requirement. The government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person of the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of "clear and convincing evidence" does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F.Supp. 432 (W.D. Ark. 1987), *aff'd*, 855 F.2d 858 (8th Cir.), *cert. denied*, 488 U.S. 866 (1988). The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. §3142(g).

The first factor to consider pursuant to 18 U.S.C. §3142(g) is the nature and circumstances of the offense charged. Initially, the Court dispenses with the government's contention that the current offense is a violent crime for the purposes of 18 U.S.C. §3142(f)(1)(a). It is not.[1] United States v. Silva, 133 F.Supp.2d 104 (D. Mass. 2001). Although the charge of being a felon in possession of a firearm is not a "violent

---

[1] The other bases for the motion to detain - flight risk and criminal recidivism - appear proper.

crime" for purposes of 18 U.S.C. §3142(f)(1)(a), the circumstances surrounding the offense charged, namely that Mr. Perez claimed he needed the gun to defend himself in light of a close friend's recent murder, clearly indicate cause for concern and portend danger to the community. Moreover, Mr. Perez was in possession of the firearm while under the influence of marijuana, and in circumstances indicative of distribution of contraband (i.e., large amounts of cash and marijuana), and more than one firearm was found.

The second factor instructs to consider the weight of the evidence against Mr. Perez. As noted *supra*, probable cause is extant. Vargas, 804 F.2d at 162-163.

Third, this Court considers the history and characteristics of the defendant. The defendant's criminal record reveals that he has been convicted previously of numerous serious crimes, including robbery, mayhem, assault and battery with a dangerous weapon, malicious destruction of property, and armed assault. The fact that Mr. Perez had been found operating a motor vehicle while under the influence of marijuana shows disregard for his and others' safety. Together, these facts are sufficient to support a conclusion that he would be a danger to the community were he to be released.

Furthermore, his apparent tendency to default strongly indicates a disregard for court orders and a flight risk.[2]  Indeed, Mr. Perez was arrested on the instant charges in Mesa, Arizona. His presence in Arizona appears to be a violation of probation in

---

[2]His record indicates that he has repeatedly defaulted in the past.

connection with another offense in Massachusetts[3].

Finally, this Court must assess the nature and seriousness of the danger to any person or the community that would be posed by the Mr. Perez's release. As above, Mr. Perez's operation of a motor vehicle under the influence of marijuana, with firearms and drugs in his possession, coupled with his violent criminal history, implies a strong portent of danger to the community.

Against this background the Court concludes by a preponderance of the evidence that the defendant poses a serious risk of flight that could not be contained by any condition or combination of conditions. The Court further concludes by clear and convincing evidence that he is a danger to the community if released and that there is no combination of conditions sufficient to vitiate this risk.

Based on these findings and the factors outlined above, this Court ORDERS that the defendant DAVID PEREZ, A/K/A JUAN GONZALEZ, be DETAINED pending trial.

Further, pursuant to 18 U.S.C. §3142(i), it is ORDERED that:

1. The Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from

---

[3] When asked by this Court to explain Mr. Perez's presence in Arizona, defense counsel merely points out that Mr. Perez had been married and was living in Arizona with his wife and child. Counsel could not say whether Mr. Perez's presence in Arizona was in violation of probation from other charges. The Court has a memorandum from the PSO regarding this defendant, which indicates his probation officer had not granted him travel to Arizona and that she believed he had fled there.

persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with his counselor; and

3. On Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Detention Order may be obtained by the Defendant's filing of a

motion for revocation or amendment of the Order pursuant to 18 U.S.C. §3145(b).

SO ORDERED.

| 2/03/04 | /S/ Joyce London Alexander |
|---|---|
| Date | United States Magistrate Judge |