UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10389-PBS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) ) |
| DAVID PEREZ, Defendant. | ) ) ) ) |

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

I, David Perez on oath depose and state as follows:

1. I am the Defendant in the above referenced Indictment.

2. I am married to Ryanna Callery and we reside in Mesa, Arizona.

3. During the evening of February 14, 2001, I was the passenger in a Durango driven by Francisco Rivera.

4. While we were sitting in this automobile, we were approached by two police officers.

5. When these police officers, who I did not know, approached the vehicle, I was not committing any criminal act or any violation of the laws of the Commonwealth of Massachusetts.

6. To my knowledge, Mr. Rivera was not violating any laws of the Commonwealth of Massachusetts.

7. Although neither Mr. Rivera nor I were violating any criminal statutes of the Commonwealth, these officers decided to stop and question us.

8. Thereafter, Officer Cullen approached Mr. Rivera and began to question him and Officer Burke approached me.

9. After Officer Burke looked into the vehicle, he indicated that he recognized the driver as an individual who he had previously arrested for an offense against the laws of the Commonwealth.

10. Officer Burke did not recognize me, as a violator of the laws of the Commonwealth, nor did he observe any firearm under the passenger seat.

11. After Officer Burke said that he recognized Mr. Rivera Officer Cullen called dispatch to have a criminal record check done on him..

12. As a result of this criminal record check, Mr. Rivera was arrested on an outstanding warrant.

13. After arresting Mr. Rivera Officer Cullen asked me for my license, in order that I could drive the automobile.

14. After I explained to Officer Cullen that I did not have my license in possession, instead of allowing me to leave the scene or have another individual drive the automobile, he asked the police dispatcher to run a criminal record check on me.

15. Based upon my review of the transcript of the Police Torrent Recording for the incident set forth in this Indictment, the dispatcher did not find any outstanding warrants on me.

16. Without any affirmative response on the criminal record check, Officer Cullen ordered me out of the Durango and began questioning me.

17. During this questioning I did not believe that I could leave the area.

18. After I exited the Durango, Officer Cullen yelled that there was a gun in the vehicle.

19. I did not possess this firearm nor were there any firearms found on my person.

20. After being searched, Officer Cullen began to question me further, prior to informing me of my so-called "Miranda" warnings.

21. Based upon my review of the evidence and discussions with my attorney, I believe that this Motion to Suppress Evidence should be allowed.

Signed under the pains and penalties of perjury this  18TH  day of April, 2004.

David Perez