UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                   Crim. No. 03-10389-PBS

DAVID PEREZ

_____

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

Pursuant to Fed.R.Crim.P. 30, the United States respectfully requests that the following instructions be given to the jury during the trial of this case, as appropriate, and during the Court's charge at the end of the trial. Except where noted, all the instructions are taken from the Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2003 compilation).

The United States reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instruction, if any, filed by the defendant and the evidence presented at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By: /s/ SANDRA S. BOWER
    SANDRA S. BOWER
    Assistant United States Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3184

# Table of Contents

**PRELIMINARY INSTRUCTIONS**                                    **Page No.**

    1.01    Duties of the Jury                          1

    1.02    Nature of Indictment: Presumption           2
            Innocence

    1.04    Preliminary Statement of Elements           3
            of Crime

    1.05    Evidence; Objections; Rulings; Bench         4
            Conferences

    1.06    Credibility of Witnesses                     7

    1.07    Conduct of the Jury                          8

    1.09    Outline of the Trial                         10

**CHARGE INSTRUCTIONS**

**Number**          **Instruction**                            **Page No.**

            Introduction                                12

1          3.01 Duty of the Jury to Find Facts          13

            and Follow Law

2          3.02 Presumption of Innocence; Proof         14
            Beyond a Reasonable Doubt

3          3.03 Defendant's Constitutional Right        16
            Not to Testify

4          3.04 What is Evidence; Inferences            17

5          3.05 Kinds of Evidence; Direct and           18
            Circumstantial

6          Proof May Be Disjunctive                     19

7          3.06 Credibility of Witnesses                20

| Number | Instruction | Page No. |
|--------|-------------|----------|
| 8 | 3.07 Cautionary and Limiting Instructions as to Particular Kinds of Evidence | 21 |
| 9 | 2.07 Weighing the Testimony Of an Expert Witness | 22 |
| 10 | 3.08 What is Not Evidence | 23 |
| 11 | Introduction to Offense Instructions | 25 |
| 12 | Possession or a Firearm or Ammunition in or Affecting Commerce by a Convicted Felon [as modified] | 26 |
| 13 | 2.14 Definition of "Knowingly" | 28 |
| 14 | Definition of "Possess" | 29 |
| 15 | 2.11 Statements by Defendant | 30 |
| 16 | Disposition of Charges Against One or More Co-Defendant(s) | 31 |
| 17 | 2.05 Impeachment of Defendant's Testimony by Prior Conviction [if defendant testifies] | 32 |
| 18 | Caution-Punishment | 33 |
| 19 | 6.01 Foreperson's Role; Unanimity | 34 |
| 20 | 6.02 Consideration of Evidence | 35 |
| 21 | 6.03 Reaching Agreement | 36 |
| 22 | 6.04 Return of Verdict Form | 38 |
| 23 | 6.05 Communication with the Court | 39 |

## 1.01 Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

1

## 1.02 Nature of Indictment;
## Presumption of Innocence

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by an Assistant United States Attorney, Sandra Bower.  The defendant, David Perez, is represented by his lawyer, John Laymon.

The defendant has been charged by the government with violation of a federal law.  He is charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The charge against the defendant is contained in the indictment.  The indictment is simply the description of the charge against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the crime.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

## 1.04 Preliminary Statement of
## Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, each of which the government must prove beyond a reasonable doubt to make its case:

<u>First</u>, that at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

<u>Second</u>, that the defendant knowingly possessed either of the two firearms listed in the indictment; and

<u>Third</u>, that such possession was in or affecting commerce.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

3

## 1.05 Evidence; Objections; Rulings;
## Bench Conferences

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated--that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

4

(1)  Statements, arguments, questions and comments by
     lawyers representing the parties in the case are not
     evidence.

(2)  Objections are not evidence.  Lawyers have a duty to
     their client to object when they believe something is
     improper under the rules of evidence.  You should not
     be influenced by the objection.  If I sustain an
     objection, you must ignore the question or exhibit and
     must not try to guess what the answer might have been
     or the exhibit might have contained.  If I overrule the
     objection, the evidence will be admitted, but do not
     give it special attention because of the objection.

(3)  Testimony that I strike from the record, or tell you to
     disregard, is not evidence and must not be considered.

(4)  Anything you see or hear about this case outside the
     courtroom is not evidence, unless I specifically tell
     you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes
received for a limited purpose only.  That is, it can be used by
you only for a particular purpose, and not for any other purpose.
I will tell you when that occurs and instruct you on the purposes
for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct
evidence" and "circumstantial evidence."  Direct evidence is

5

testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.06  Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

**1.07 Conduct of the Jury**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case-you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side-even if it is simply to pass the time of day-an unwarranted and unnecessary suspicion about

8

your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

<u>Fifth</u>, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

<u>Sixth</u>, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

<u>Seventh</u>, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

<u>Eighth</u>, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

## 1.09 Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove. **[After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.]**

Next the government will offer evidence that it says will support the charge against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and my include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may **[make an opening statement and]** present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the

10

government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                    Crim. No. 03-10389-PBS

DAVID PEREZ
_____

COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

#1                        **3.01 Duty of the Jury to**
                          **Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return-that is a matter entirely for you to decide.

#2                    3.02 Presumption of Innocence;
                      Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that
every person accused of a crime is presumed to be innocent unless
and until his or her guilt is established beyond a reasonable
doubt.  The presumption is not a mere formality.  It is a matter
of the most important substance.

The presumption of innocence alone may be sufficient to
raise a reasonable doubt and to require the acquittal of a
defendant.  The defendant before you, David Perez, has the
benefit of that presumption throughout the trial, and you are not
to convict him of a particular charge unless you are persuaded of
his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that
the burden of proof is always on the government to satisfy you
that the defendant is guilty of the crime with which he is
charged beyond a reasonable doubt.  The law does not require that
the government prove guilt beyond all possible doubt; proof
beyond a reasonable doubt is sufficient to convict.  This burden
never shifts to the defendant.  It is always the government's
burden to prove each of the elements of the crime charged beyond
a reasonable doubt by the evidence and the reasonable inferences
to be drawn from that evidence. The defendant has the right to
rely upon the failure or inability of the government to establish

14

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

**#3      3.03 Defendant's Constitutional Right Not to Testify**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

#4                    3.04 What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

17

**#5**              **3.05 Kinds of Evidence:**
                   **Direct and Circumstantial**


There are two kinds of evidence: direct and circumstantial.
Direct evidence is direct proof of a fact, such as testimony of
an eyewitness that the witness saw something.  Circumstantial
evidence is indirect evidence, that is proof of a fact or facts
from which you could draw the inference, by reason and common
sense, that another fact exists, even though it has not been
proven directly.  You are entitled to consider both kinds of
evidence.  The law permits you to give equal weight to both, but
it is for you to decide how much weight to give to any evidence.

**#6**                    **Proof May Be Disjunctive**

Although the sole count of the indictment charges the
defendant with possession of a Sundance Industries .25 caliber
pistol <u>and</u> a Glock model 23 .40 caliber pistol, using the
conjunctive word "and," it is sufficient if the government proves
the offense in the disjunctive, as if the word "or" had been
used.  That is to say, assuming all other elements have been
proven beyond a reasonable doubt, you may convict the defendant
if you unanimously find that he possessed either firearm alleged
in the indictment.

<u>United States v. Garcia-Torres</u>, 341 F.3d 61,66-67 (1st Cir.
2003).                    19

#7                      3.07 Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**#8          3.08 Cautionary and Limiting Instructions
          as to Particular Kinds of Evidence**


A particular item of evidence is sometimes received for a
limited purpose only.  That is, it can be used by you only for
one particular purpose, and not for any other purpose.  I have
told you when that occurred, and instructed you on the purposes
for which the item can and cannot be used.

**#9        2.07 Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.  You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness' education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

#10                          **3.11 What Is Not Evidence**

Certain things are not evidence.  I will list them for you.

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

23

(5)  The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has had an indictment filed against him is not evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

24

**#11**                    **Introduction to Offense Instructions**

In this case, as you know, the indictment charges one offense called a "count."  I will not read it to you because you will be given a copy of the indictment for study during your deliberations.  In summary, the sole count charges that the Defendant having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce firearms.

Modified from Eleventh Circuit District Judges Association, Pattern Jury Instructions Committee, <u>Pattern Jury Instructions, Criminal Cases</u> (1985).    25

**#12        Possession of a Firearm or Ammunition
            in or Affecting Commerce by a Convicted Felon
            (modified as noted)**

The defendant is charged with possessing a firearm in or affecting commerce after having been convicted of **a felony, that is,** a crime punishable by imprisonment for more than one year. It is against federal law for a convicted felon to possess a firearm that was connected with interstate or foreign commerce. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that the defendant has been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year.  The parties have stipulated that the defendant has be convicted of a crime which is punishable by imprisonment for a term exceeding one year.  You are to take that fact as proven.

Second, that the defendant knowingly possessed the firearm described in the indictment.  The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon.

26

<u>Third</u>, that the firearm was connected with interstate of foreign commerce.  This means that the firearm at any time after it was manufactured, moved from one state to another or from a foreign country into the United States.  The travel need not have been connected to the charge in the indictment, need not be in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm.

**#13**                    **2.14 Definition of "Knowingly"**

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

#14                    Definition of "Possess"

The term "possess" means to exercise authority, dominion, or control over something.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession. Possession includes both actual and constructive possession.  A person who has direct physical control of something on or around his or her person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive control.  Possession also includes both sole and joint possession.  If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint.  Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

#15                    **2.11 Statements by Defendant**

You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

**#16        Disposition of Charges Against One
             or More Co-Defendant(s)**

The indictment in this case also charges Francisco Rivera with offenses related to this case.  The charges against Rivera have been disposed of, and he is no longer a defendant in this case.  You should not guess about or concern yourselves with the reason for this disposition.  You are not to consider this fact when deciding if the Government has proved, beyond a reasonable doubt, its case against David Perez.

Modified from Judicial Committee on Model Jury Instructions for the Eighth Circuit #2.12, <u>Federal Jury Practice and Instructions, Pattern and Model Jury Instructions - Criminal Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit</u> (2004).

31

**#17**          **2.05 Impeachment of Defendant's Testimony**
                 **by Prior Conviction**
                 **[if Defendant testifies]**

You have heard evidence that the defendant was convicted of a crime.  You may consider that evidence in deciding, as you do with any witness, how much weight to give the defendant's testimony.  The fact that the defendant was previously convicted of another crime does not mean that he committed the crime for which he is now on trial. You must not use that prior conviction as proof of the crime charged in this case.

#18                      **Caution-Punishment**

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty.  The defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted the matter of punishment is for the Judge to determine.

Eleventh Circuit District Judges Association Pattern Jury Instructions Committee, <u>Pattern Jury Instructions, Criminal Cases</u> (1985).                    33

**#19**                              **6.01 Foreperson's Role; Unanimity**


I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

#20                    **6.02 Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

#21                          **6.03 Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if your are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

36

conviction as to the weight and effect of the evidence simply to reach a verdict.

**#22**                    **6.04 Return of Verdict Form**

I want to read to you now what is called the verdict form.
This is simply the written notice of the decisions you will reach
in this case.

[Read Form]


After you have reached unanimous agreement on a verdict,
your foreperson will fill in the form that has been given to you,
sign and date it, and advise the jury officer outside your door
that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will
deliver the completed verdict form as directed in open court.

#23                    **6.05 Communication with the Court**


     If it becomes necessary during your deliberations to
communicate with me, you may send a note through the jury officer
signed by your foreperson or by one or more members of the jury.
No member of the jury should ever attempt to communicate with me
on anything concerning the case except by a signed writing, and I
will communicate with any member of the jury on anything
concerning the case only in writing, or orally here in open
court.  If you send out a question, I will consult with the
parties as promptly as possible before answering it, which may
take some time.  You may continue with your deliberations while
waiting for the answer to any question.  Remember that you are
not to tell anyone--including me--how the jury stands,
numerically or otherwise, until after you have reached a
unanimous verdict or have been discharged.