UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10389-PBS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID PEREZ, | ) |
| Defendant. | ) |

### DEFENDANT'S ADDENDUM TO MOTION TO SUPPRESS

Defendant, David Perez by his attorney, John W. Laymon moves this Court to allow this addendum to his previously filed Motion To Suppress Evidence.

### ISSUE

Whether the U.S. Supreme Court's decision in Thornton v. United States, 124 S.Ct. 2127 (2004), is controlling in the instant case.

### ARGUMENT

On July 16, 2004, this Court questioned the undersigned as to whether the U. S. Supreme Court's decision in Thornton v. United States, 124 S.Ct. 2127 (2004), decided May 24, 2004 was controlling on the issues of this Motion To Suppress. In response to the Court's questioning, the defendant submits the following Addendum to his previously filed Motion To Suppress Evidence.

In its holding in Thornton the U.S. Supreme Court upheld and expanded its decision in New York v. Belton, 453 U.S. 454 (1981), by stating that when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment to the U.S. Constitution allows the officer to search the passenger compartment of the vehicle as a contemporaneous search incident to arrest. This holding applies even when an officer does not make contact until the person arrested has left the vehicle.

The factual background of Thornton shows that Mr. Thornton parked and got out of his automobile, prior to Officer Nichols accosting him and then asking him for his driver's license. Mr. Thornton, who appeared nervous and sweating gave the officer his license. Fearing for his safety, the police officer asked Thornton if he could pat him down and he replied yes. As he patted him down, officer Nichols found a bulge in his pocket, which turned out to be two bags of marijuana. Incident to his arrest, the officer searched the vehicle and found a handgun under the driver's seat. Mr. Thornton appealed the District Court's denial of his Motion To Suppress. The U.S. Court of Appeals for the Fourth Circuit agreed with the District Court and held "the historical rationale for the search incident to arrest doctrine - the need to disarm the suspect in order to take him into custody and the need to preserve evidence for later use at trial." United States v. Thornton, 325 F.3d 189, 195 (4th Cir. 2003), (quoting Knowles v. Iowa, 525, U.S. 113, 116 (1998)), did not require Belton to be limited solely to situations in which suspects were still in their vehicles when approached by the police. Noting that petitioner conceded that he was in close proximity both temporally and spatially," to his vehicle, the court concluded that the car was within petitioner's immediate control and thus Nichols search was reasonable under Belton," 325 F.3d 189, 196 (2003). The U.S. Supreme Court granted certiorari, 124 S.Ct. 463 (2003), and it affirmed the Circuit Court's decision.

In Thornton, the U.S. Supreme Court found that the arrest of the suspect next to the vehicle raises identical concerns regarding officer safety and evidence destruction as one who is arrested inside the vehicle. The Court further stated that under the petitioner's "contact initiation rule" argument, the police officer would be unable to arrest the suspect if he were still in the car. The U.S. Supreme Court concluded that the Fourth Amendment does not require such a gamble, it allows a police officer to search the car's passenger compartment incident to a lawful arrest of both occupants and recent occupants. Belton v. New York, 453 U.S. at 460.

This defendant argues that the factual background of Thornton and Belton are distinguishable from the instant case, because they involved a search of the defendant incident to a lawful arrest as opposed to a search of the vehicle and then the arrest. Whereas here, the Lowell police officer prior to arresting the defendant called dispatch to request a check for an outstanding warrant for Mr. Perez. Without a search or arrest warrant and no reasonable suspicion that Mr. Perez was dangerous, Officer Cullen ordered him out of the Durango. The sole purpose for ordering Mr. Perez out of the vehicle was to attempt to search and find a weapon or contraband in the Durango, in order to charge him. Instead of lawful arrest and then search of the automobile incident to arrest, in this incident the officer was going to search and then hopefully find evidence to arrest Mr. Perez. As Justice Scalia pointed out in his dissent in Thornton, "In our search for clarity, we have now abandoned our constitutional moorings and floated to a place where the law approves of purely exploratory searches of vehicles during which officers with no definite objective or reason for search are allowed to rummage around in a car to see what they might find." United States v. McLaughlin, 170 F.3d 889, 894 (9th Cir. 1999). Justice Scalia agreed with this opinion of the Ninth Circuit and suggested that this policy was in violation of the Fourth Amendment to the U.S. Constitution. The defendant also agrees that this policy violates the basic foundation of the Fourth Amendment.

## **CONCLUSION**

The holding in <u>Thornton v. U.S.</u> is not controlling in the instant case, since its factual pattern describes a search then arrest, as opposed to a lawful arrest and then a search incident to the arrest. As the defendant has previously argued the decision in <u>U.S. v. Starks</u> Crim. No. 03-10187-DPW, dated February, 2, 2004, is more on point.

                                      DAVID PEREZ
                                      By his attorney,

                                      John W. Laymon, Esquire
                                      Law Offices of John W. Laymon
                                      77 Franklin Street - 3rd Floor
                                      Boston, MA 02110
                                      617-338-0089
                                      BBO# 289460

### CERTIFICATE OF SERVICE

I, John W. Laymon, hereby certify on this __27__ day of July, 2004, a copy of the foregoing motion was served by first class mail, postage prepaid, upon A.U.S.A. Sandra Bower, One Courthouse Way, Boston, MA, 02210.

                                      John W. Laymon