IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS (Boston)

DAVID PEREZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. (Civil) 06-CV-_____

Crim. No. 03-10389-PBS

The Honorable Patti B. Saris

U.S. District Ct. Judge

06 CA 10279 PBS

**Memorandum Of Law In Support Of Petitioner's Motion Pursuant To Title 28 U.S.C. § 2255**

### Introduction

COMES NOW, David Perez, hereinafter, the Petitioner, in pro se of counsel and most respectfully moves this Honorable Court with this memorandum of law in support of his motion pursuant to 28 U.S.C. § 2255.

### Procedural History

The Petitioner, after pleading guilty to Title 18 U.S.C. § 922(g), felon in possession of a firearm, was sentenced by this court to one hundred and eighty (180) months imprisonment. No direct appeal was filed. The Petitioner now files this appeal.

## Argument

The Petitioner respectfully moves the court in support of his § 2255 motion that he is presently pursuing a valid appeal of one (1) of his prior convictions in the Lowell District Court, in Massachusetts, to overturn and invalidate an unconstitutional prior, namely a (1991) conviction for "larceny from a person." Attorney Richard Ahern is representing the Petitioner in said Commonwealth proceedings.

As this court is well aware, it used this prior for the application of U.S.S.G. § 4B1.2 "Armed Career Criminal," to enhance his sentence.

Pursuant to the A.E.D.P.A., the Petitioner has one (1) year from his final judgment dat, (3/22/05) to seek relief from his instant sentence of (180) months. Since counsel is still litigating in the Lowell District Court, the validity of said prior conviction, the Petitioner must presently file this appeal to effectively preserve his rights and file within the time frame of the A.E.D.P.A. provisions. Within this memorandum, the Petitioner moves the court to hold in abeyance his § 2255 motion pending the outcome of the state/Commonwealth court proceedings, which will have a dramatic effect on his present sentence and represent new evidence.

Accordingly, the Petitioner claims, as **Claim One**, his sentence was enhanced based upon an invalid and unconstitutional

(2)

prior conviction, the (1991) prior of larceny from a person, and respectfully moves the court for abeyance pending the outcome of that litagation.

**Two;**

The Petitioner herein preserves his rights and asserts his sentence is unconstitutional in that he was never formally notified in his indictment that he was being charged to 18 U.S.C. § 924(e) and § 4B1.2, Armed career Criminal.

**Three;**

The Petitioner also asserts his sentence is unconstitutional in that the court rather than the jury made a determination that his prior convictions were crimes of violence and this element was not part of his indictment. He therefore never voluntarily, nor intelligently understood nor waived these non-asserted rights, nor agreed or pled to them, notwithstanding -- admitted to them.

The Petitioner argues that Booker v. U.S., 125 S.Ct. 798 (2005), like Apprendi v. New Jersey, 530 U.S. 466, and Blakely v. Washington, 542 U.S. -- 124, S.Ct. (2004), expressly creates on exception from its Sixth Amendment holding for facts of prior conviction, but this exception is not consistent with the broad reasoning of these three (3) cases.

(3)

In Shepard v. United States, 125 S.Ct. 1254 (2005) decided after Booker, the court strongly suggested that the prior conviction exception should be reviewed narrowly and that Almendarez-Torres v. United States, 523 U.S. 224 (1998) on which this exception is based, may soon be over-ruled. Particulary in view of Shepard, the Petitioner must object to any statutory sentence enhancements based on prior convictions that were not admitted or proven to the jury, such as in the instant case.

### The Basic Holding Of Shepard

Shepard was charged with gun possession. Under the Armed Career Criminal Act ("ACCA" 18 U.S.C. § 924(e)), a defendant charged with gun possession under 18 U.S.C. § 922 faces a dramatic sentence enhancement if he or she has three (3) prior convictions for serious drug offenses or violent felonies, including burglary. Shepard applied the "categorical approach" of Taylor v. United States, in the context of a guilty plea and held that a prior conviction for non-generic burglary based on a guilty plea can count as a qualifying violent felony only if the charging document, plea agreement, or plea colloquy make clear that the offense conduct actually constituted generic burglary. The court emphatically rejected the government's request to broaden the categorical approach to include documents

(4)

such as police reports submitted in support of complaints.

### The Implications Of Shepard For The Prior Conviction Exception

Part III of Justice Souter's opinion, which commanded only four (4) votes, makes clear that any judicial fact-finding that strays beyond the "fact of prior conviction," whether that be regarding probationary status, release date from custody, or nature of offense, risks constitutional infirmity.  Thus, the Almendarez-Torres exception for facts of prior conviction should be construed very narrowly so as to minimize this risk.

The Fourth Circuit adopted this view in United States v. Washington, 404 F.3d 834 (11th Cir. 2005), holding, in the context of the enhancement for a prior conviction of a "crime of violence," that in light of Shepard, the "prior conviction exception" is a limited one that does not permit judicial fact-finding regarding facts not contained in the indictment or the other documents Shepard permits.  Justice Thomas concurred in other parts of the opinion, but did not join in Part III only because it did not go far enough.  He would find the ACCA unconstitutional as applied to Shepard because it requires an increase in the sentence based on facts (the prior convictions) not admitted by the defendant or proven to a jury.

(5)

## Conclusion

WHEREFORE, based upon the aforementioned claims and arguments, the Petitioner has asserted viable and cognizable claims pursuant to § 2255 and possible ineffective assistance of counsel issues.

## Relief

1. The court should issue a stay pending the outcome of the Lowell District Court proceedings.

2. At said time of the completion of the Lowell Court litigation, the Petitioner be allowed to supplement this motion pursuant to that courts' ruling.

3. ALLOW other motions as deemed necessary in the interests of justice.

4. Vacate Petitioner's sentence.

Most respectfully presented,

David Perez, pro se
# 81387-008
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

(6)

## Certificate of Service

I, David Perez, hereby certify that I have sent a true and correct copy of the foregoing motion, via U.S. Mail, first-class, postage pre-paid, to:

Office of the U.S. Attorney
Ms. Sandra S. Bower, U.S. Attorney
Dist. of Massachusetts, (Boston)
U.S. Courthouse
1 Courthouseway, Suite 9200
Boston, Mass.   02210

All matters pursuant to 28 U.S.C. § 1746.

Dated and mailed on this ____ day of February, 2006.

```
                                 _____
                                         David Perez
```

(7)