```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
                                     )
David Perez,                         )
         Petitioner,                 )
                                     )
v.                                   )    CIVIL ACTION
                                     )    NO. 06-10279-PBS
                                     )
United States of America,            )
         Respondent.                 )
                                     )
_____)
```

**MEMORANDUM AND ORDER**

October 18, 2007

SARIS, U.S.D.J.


Pro se petitioner David Perez brings this challenge under 28 U.S.C. § 2255 to his sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He argues that one of his predicate convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), was improperly considered a crime of violence, that his constitutional rights were violated because he was not charged in the indictment with being an armed career criminal nor was this status proved to a jury, and that his convictions were double-counted. The motion is **DENIED**.

I. **PROCEDURAL BACKGROUND**

On August 12, 2004, petitioner pled guilty to being a felon in possession of a handgun, and on March 22, 2005, he received a 180 month sentence, with 5 years supervised release. The sentence imposed was the mandatory minimum sentence for "a person who violates [18 U.S.C. §] 922(g) . . . and has three previous convictions" pursuant to the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e)(1). Petitioner's three predicate convictions were a 1991 conviction for larceny from a person, a 1993 robbery, and a 1996 armed assault. Defense counsel objected to the presentence report's conclusion that the 1991 larceny conviction was a crime of violence under the ACCA. Significantly, there was no direct appeal. This § 2255 motion was filed on February 15, 2006.

In the time between the filing of petitioner's § 2255 motion and the present day, petitioner filed three motions for extension of time to reply to the government's response brief filed on April 10, 2006. These three motions for extension, dated May 8, 2006, August 21, 2006, and December 1, 2006, respectively, were all granted by the court. Petitioner's requests asserted that he was awaiting the outcome of state court proceedings held in the Lowell District Court where he had challenged one of the predicate convictions that served as a basis for the sentence enhancement under the ACCA. The Lowell District Court rejected

petitioner's challenge and that decision was subsequently affirmed by the appellate division.

Petitioner's reply was filed on February 14, 2007.  While he acknowledges that the challenge to his conviction in state court failed, he nonetheless presses his argument (1) that the sentence is unconstitutional because the ACCA conviction was not charged in the indictment, nor proven to a jury; (2) that one prior conviction used as a predicate for ACCA enhancement is not a violent felony under 18 U.S.C. § 924(e)(1) and that use of his prior felony convictions fails to satisfy the Sixth Amendment requirements set forth in Shepard v. United States, 544 U.S. 13 (2004); and (3) that his prior felony convictions cannot be used both to convict him as a felon-in-possession and to enhance his sentence pursuant to the ACCA.

## II.  DISCUSSION

The government argues that petitioner's claims are all procedurally barred because he never filed a direct appeal.  28 U.S.C. § 2255 provides for post-conviction relief "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack" such that the claim presents "'exceptional circumstances' that make the need for redress evident."  David v. United States, 134 F.3d 470, 474 (1st

3

Cir. 1998) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)).  "Section 2255 is not a surrogate for a direct appeal." Id. at 474.  Generally, claims not raised on direct appeal may not be raised on collateral review unless the habeas petition shows cause-and-prejudice.  Massaro v. United States, 538 U.S. 500, 504-505 (2003).  Because there has been no allegation here of ineffective assistance of trial counsel to meet the cause-and-prejudice requirement, all petitioner's claims are procedurally barred.  Moreover, a claim of ineffective assistance of counsel would likely fail.  The Court did address the use of this 1991 conviction as a predicate under the ACCA at the sentencing hearing.  (See Second Addendum to Presentence Report).  No appeal was filed.  Instead, putting all his eggs in one basket, defendant chose the route of attempting to vacate the conviction in state court.  This habeas motion cannot be used as an end-run on the requirement that a direct appeal be filed.[1]

---

[1] At the Court's request, the government supplemented its brief to address the recent Supreme Court case James v. United States, 550 U.S. ___, 127 S.Ct. 1586, 1594 (2007).  For the reasons stated in both the government's briefs, the petitioner's arguments were unlikely to prevail on direct appeal.  See United States v. De Jesus, 984 F.2d 21, 23 (1st Cir. 1993) (holding that larceny from a person qualifies as a "crime of violence" under U.S.S.G. § 4B1.2).  However, the Court need not reach the issue.

**ORDER**

The petition is **DENIED**.

 S/PATTI B. SARIS
United State District Judge

5